# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>JAKARR DUDLEY,<br>  Defendant. | Case No.: 2:20-cr-00037-GMN-NJK<br><br>**Order**<br><br>[Docket No. 59] |

Pending before the Court is Defendant's motion to seal his supplemental brief to his motion to suppress. Docket No. 59. *See also* Docket No. 60 (supplemental brief, filed under seal) No response was filed. *See* Docket. For the reasons discussed below, the motion to seal is hereby **GRANTED** in part and **DENIED** in part.

**I. STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Further, any request to seal must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

. . . .

. . . .

## II. ANALYSIS

Defendant, in a one-sentence motion that fails to cite any caselaw, asks the Court to allow him to file his supplemental brief under seal "because the brief and exhibit contain information the Court ordered disclosed under a protective order." Docket No. 59. Defendant's motion is defective. "The failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion." LCR 47-3. The Court, however, will exercise its discretion to consider the motion despite Defendant's failure to include points and authorities.

Defendant asks to file his supplement and exhibit under seal because it includes information that the Court ordered disclosed under a protective order. The Court examined the information prior to its order and therefore has already found that that information is and should remain confidential. Defendant has not, however, demonstrated why the information cannot be redacted from his supplement rather than filing his entire supplement under seal. In reading the supplement, the Court finds that the information can be easily redacted while leaving meaningful information available to the public.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to seal. Docket No. 59. No later than March 22, 2021, Defendant must file his supplemental brief on the public docket with all information that is subject to the protective order redacted, including the entire exhibit. Docket Nos. 59-1 and 60 will remain under seal.

IT IS SO ORDERED.

Dated: March 18, 2021.

_____
Nancy J. Koppe
United States Magistrate Judge